IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RANDAL R. HENSON and MID-DELTA
INSURANCE AGENCY, INC.                                                    PLAINTIFFS

V.                                                     CIVIL ACTION NO.: 4:11CV38-M-S

UNITED STATES LIABILITY INSURANCE
COMPANY AND CERTAIN UNDERWRITERS AT
LLOYD'S LONDON SUBSCRIBING TO PREVIOUS
POLICY NO. ME09523                                                       DEFENDANTS

**AND**

CERTAIN UNDERWRITERS AT                                               COUNTER-
 LLOYD'S LONDON SUBSCRIBING TO PREVIOUS                                 PLAINTIFF
POLICY NO. ME09523

V.

RANDAL R. HENSON, MID-DELTA                                           COUNTER -
INSURANCE AGENCY, INC., REPUBLIC FIRE                                 DEFENDANTS
AND CASUALTY INSURANCE COMPANY, MARK
AZLIN, AND THE BOURBON MALL, INC.

## ORDER

THIS MATTER, having come before the court on Defendant Certain Underwriters at

Lloyd's, London's Motion to Stay Discovery and Motion for Protective Order (Doc. 44) and Motion

to Quash and Motion for Protective Order (Doc. 45), and the Court having held a telephonic hearing

on the matters on January 26, 2012, and having thoroughly considered the submissions of the

parties, the record and the applicable law, it is hereby ordered:

Consistent with the court's oral ruling at the conclusion of the hearing, Defendant Lloyd's

Motion to Stay and Motion for Protective Order (Doc. 44) is DENIED. However, Defendant

Lloyd's Motion to Quash and Motion for Protective Order (Doc. 45) is GRANTED in part and

DENIED in part. The motion is denied with respect to any documents for which Lloyd's does not

claim a privilege. However, because the court does not have sufficient information before it to make

2

a determination regarding Lloyd's claims of privilege with regard to certain documents in the hands

of PCM, PCM will not be required to produce those documents in response to Republic's subpoena

without further order of this court.  Instead, counsel for Lloyd's and counsel for Republic and/or

PCM shall have 14 days from this date to confer regarding Lloyd's objections to production of said

documents under a claim of privilege, and prior to said conference, Lloyd's shall produce a privilege

log that complies with the Federal Rules of Civil Procedure.  Lloyd's shall have 21 days from this

date to file a motion for protective order with regard to any documents for which the parties cannot

reach an agreement.

   SO ORDERED this the 26th day of January, 2012

           /s/ Jane M. Virden
           UNITED STATES MAGISTRATE JUDGE