IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| RANDAL R. HENSON and MID-DELTA INSURANCE AGENCY, INC. | PLAINTIFFS |
| V. | CASE NO.: 4:11-CV-38 |
| UNITED STATES LIABILITY INSURANCE COMPANY AND CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO PREVIOUS POLICY NO. ME09523 | DEFENDANTS |
| AND | |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO PREVIOUS POLICY NO. ME09523 | COUNTER-PLAINTIFF |
| V. | |
| RANDAL R. HENSON, MID-DELTA INSURANCE AGENCY, INC., REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY, MARK AZLIN, AND THE BOURBON MALL, INC. | COUNTER-DEFENDANTS |

## MEMORANDUM OPINION

Randal Henson and Mid-Delta Insurance Agency, Inc. filed this declaratory judgment action to resolve their ongoing coverage dispute with United States Liability Insurance Company ("USLI") and Certain Underwriters at Lloyd's London (Lloyd's). Henson and Mid-Delta claim that Lloyd's and USLI are required to provide a defense and/ or indemnify them in another case before this court wherein Henson and Mid-Delta are third-party defendants, *Republic Fire and Cas. Ins. Co. v. Azlin, et al.*, No. 4:10-cv-37 (N.D. Miss. filed April 16, 2010). Lloyd's and USLI separately moved for summary judgment, arguing that coverage is not afforded under their

respective policies. The court previously granted USLI's motion. Now, the court must determine whether summary judgment should be granted in favor of Lloyd's.

Facts and Procedural History

Randal Henson is an insurance agent employed by Mid-Delta Insurance Agency. While performing agent duties in June 2009, Henson completed an application on behalf of Mark Azlin for insurance with Republic Fire and Casualty Insurance Company ("Republic"). Based on the application, Republic issued a commercial lines policy to Mark Azlin d/b/a The Bourbon Mall for the period of June 11, 2009 to June 11, 2010. On October 7, 2009, the insured property was destroyed in a fire. Republic denied coverage on the claim and filed a declaratory judgment action against Azlin and The Bourbon Mall in this court. Republic asserted that Azlin misrepresented and/ or failed to disclose certain information on his insurance application. In response, Azlin counterclaimed that he truthfully answered the application questions but that Henson, acting as Republic's agent[1], incorrectly filled out the actual form. According to Azlin, Henson did not take detailed notes or have an application with him at the time he questioned Azlin, but completed the form later based off his recollection. Republic denied the claims, but filed a third party complaint for declaratory relief against Henson and Mid-Delta in the event Azlin's counterclaim prevails.

Once Henson and Mid-Delta were named as third party defendants, they requested that USLI and Lloyd's defend and/ or indemnify them in the lawsuit. Henson and Mid-Delta had a claims made and reported professional liability insurance policy with USLI for the period from

---

[1]The parties dispute whether Henson acted as an agent for Republic or Azlin when he completed the insurance application.

October 8, 2008 to October 8, 2009. They also had an Insurance Professionals Errors and Omissions ("E&O") policy[2] with Lloyd's, which provided coverage for claims made and reported during the period from October 8, 2009 to October 8, 2010.[3] Both insurance companies denied coverage. USLI asserted that the claim was not made and reported within the policy period. Lloyd's asserted that Henson's alleged errors did not occur during the policy period. Following the denials of coverage, Henson and Mid-Delta initiated the instant declaratory action. In response, Lloyd's countersued for a declaration of its rights and obligations under the E&O policy. Republic, Azlin and The Bourbon Mall were then added as counter-defendants to the lawsuit.

Lloyd's and USLI separately moved for summary judgment, asserting that coverage does not exist for the claims asserted in the third party lawsuit. Republic responded to the motions by arguing that the court should deny summary judgment because discovery had not begun. The parties completed discovery on June 15, 2012. Lloyd's was the only party who submitted additional briefing for the court to consider. On June 28, 2012, the court granted USLI's motion for summary judgment, finding that coverage did not exist because the underlying claim was not made and reported during the policy period. At this time, the court evaluates whether Lloyd's is required to provide a defense and/ or indemnify Henson and Mid-Delta.

<u>Legal Standard</u>

---

[2]Mid-Delta is the named Insured on Lloyd's Policy No. ME09523. Since Henson is an agent of Mid-Delta, he is an insured under the policy.

[3]The E&O policy was later renewed, but the renewed policy is not relevant to the court's analysis.

Summary judgment should be granted when the evidence shows that there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Coury v. Moss,* 529 F.3d 579, 584 (5th Cir. 2008). A material fact issue exists if a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When ruling on a summary judgment motion, the court must construe the facts and evidence in the light most favorable to the nonmoving party. *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.*, 635 F.3d 734, 736 (5th Cir. 2011) (citing *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010)). After the party seeking summary judgment meets its burden, the nonmoving party must "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but rather must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).

Since this case centers on the interpretation of an insurance policy, the court must look to state contract law for guidance. The parties do not dispute that Mississippi law applies.

Under Mississippi law, courts determine whether an insurer has a duty to defend and indemnify by looking at the language in the policy and the allegations in the underlying complaint. *American Guarantee & Liab. Ins. Co. v. 1906 Co.,* 273 F.3d 605, 610 (5th Cir. 2001); *Delta Pride Catfish, Inc. v. Home Ins. Co.,* 697 So. 2d 400, 403 (Miss. 1997). When the policy terms are plain and unambiguous, courts are to assign them their plain, ordinary meaning and enforce them as written. *Lewis v. Allstate Ins. Co.,* 730 So. 2d 65, 68 (Miss. 1998). However, ambiguity and/ or unclear language in an insurance policy must be resolved in favor of

4

the insured. *Id*. "Many contracts are highly specific in defining terms to avoid the specter of ambiguity." *Farmland Mut. Ins. Co. v. Scruggs,* 886 So. 2d 714, 718 (Miss. 2004). An insurance contract is ambiguous if it can be interpreted as having two or more reasonable meanings. *Mississippi Farm Bureau Cas. Ins. Co. v. Britt,* 826 So. 2d 1261, 1265 (Miss. 2002). In such circumstances, the court adopts the interpretation which provides coverage. Since the insurer prepares the policy, it should not be allowed to use obscure or ambiguous exceptions to defeat coverage. *Universal Underwriters Ins. Co. v. Ford,* 734 So. 2d 173, 177 (Miss. 1999). "If a policy is not ambiguous, the court gives effect to its clear and unambiguous meaning." *Chevis v. Mississippi Farm Bureau Mut. Ins. Co.,* 76 So. 3d 187, 194 (Miss. Ct. App. 2011) (citing *Jackson v. Daley*, 739 So. 2d 1031, 1041 (Miss. 1999)).

Provisions which "limit or exclude coverage are to be construed liberally in favor of the insured and most strongly against the insurer." *Lewis,* 730 So. 2d at 68. If the complaint states a claim that is arguably within the scope of coverage provided by the policy, the insurer must defend and, if necessary, indemnify its insured. *Barden Mississippi Gaming LLC v. Northern Ins. Co.,* 576 F.3d 235, 238 (5th Cir. 2009) (citing *Am. Guar. & Liab. Ins.,* 273 F.3d at 610). An insurer may only refuse to defend when it is apparent from the face of the complaint that the allegations therein are not covered. *Moeller v. American Guar. & Liab. Ins. Co.*, 707 So. 2d 1062, 1069 (Miss. 1996).

Discussion

Lloyd's argues that coverage is not afforded for the claims in the underlying lawsuit for two reasons: (1) Henson's alleged professional errors did not occur during the E&O policy period; and (2) Henson's sworn statement in January 2010 does not constitute "professional

5

services" as defined by the insurance contract. Lloyd's asserts that Henson's wrongful acts occurred when he completed Mark Azlin's insurance application in June 2009, which was prior to the policy's inception and retroactive date. It further maintains that Mid-Delta did not secure prior acts coverage and could not have secured such coverage because Mid-Delta waited until its policy with USLI lapsed before procuring insurance from Lloyd's.

Republic responds by arguing that its third party claim against Henson and Mid-Delta relates to inaccurate representations Henson made in his January 7, 2010 statement under oath, which occurred within the E&O policy period. Republic maintains that it denied coverage on Azlin's claim based on Henson's sworn statement. It argues that "professional services" is an ambiguous term and cites this court's ruling in *American Guarantee and Liab. Ins. Co. v. Leflore Cnty., Mississippi,* No. 4:05-cv-109 2006 WL 1134229 (N.D. Miss. Apr. 24, 2006) to support its position. In *American Guarantee*, this court found a "professional services" clause ambiguous because the policy therein did not sufficiently set forth the scope of the clause as required by Mississippi law. Republic asserts that the Lloyd's policy, like the American Guarantee policy, does not sufficiently define "professional services" and therefore, the court should view the ambiguity in favor of coverage. Republic additionally asserts that summary judgment should not be granted because there is a material dispute as to whether Mid-Delta requested prior acts coverage.

The court will begin its analysis by looking at the E&O policy. The insuring agreement states that Lloyd's agrees to:

> ...pay on behalf of the **Insured** those sums in excess of the deductible amount specified in Item 4a of the Declarations which the **Insured** shall become legally obligated to pay as **Damages** resulting from any **Claim(s)** first made against the **Insured** during the **Policy Period** and reported in writing by the **Insured** to us as

6

soon as practicable, but in no event later than thirty (30) days after the end of the **Policy Period** or any Extended Reporting Period (if applicable), for any **Wrongful Act** of the **Insured** in the performance of or failure to perform **Professional Services**, but only if such **Wrongful Act** first happens on or after the **Retroactive Date** set forth in the Declaration...

The policy definitions provide that:

**Professional Services** means the marketing, sale or servicing of insurance products, provided they are performed as a part of and in conjunction with services the **Insured** performs for others in their capacity as a licensed agent or broker, general agent, managing general agent or underwriter, program administrator, including a wholesale broker or excess and surplus lines broker for property/casualty, life/health and surety products. **Professional Services** also includes:

1. Insurance consulting;
2. Appraising or inspecting real or personal property solely in connection with the sale of insurance by the **Insured** to a customer or prospective customer;
3. Employee benefits counseling;
4. Insurance premium financing for insurance customers of the **Insured**;
5. Notary public;
6. Expert witness for insurance related activities;
7. E-commerce services related to the sale and servicing of insurance products;
8. Risk management and loss control services solely in connection with the sale of insurance by the **Insured** to a customer or prospective customer;
9. All other operations as designated in Item 7. of the Declarations Page.

Based on the above policy language, coverage is only afforded to claims arising from wrongful acts which occur while an insured is performing or failing to perform professional services. The E&O policy herein provides enough detail for this court to conclude that "professional services" is not an ambiguous term. Unlike the policy in *Am. Guarantee*, the Lloyd's policy defines "professional services" with specificity and clarity. This court will not substitute its own definition for a term where the insurer has clearly defined the term and its scope to the extent which Lloyd's has in the case herein. Henson did not give his sworn

7

statement while marketing, selling, or servicing insurance products. Instead, Henson answered questions regarding his alleged errors in completing Mark Azlin's insurance application. Henson was not providing professional services; he was making statements about events which transpired in June 2009. The court cannot conclude that testifying about an insured's allegedly wrongful acts is in itself a wrongful act or professional service covered by the E&O policy. *See Shelton v. American Ins. Co.*, 507 So. 2d 894, 896 (Miss. 1987) (finding that fraudulent statements made by an insured to induce employment are not professional services and that the insurer has no duty to defend claims arising therefrom). The court is not "free to extend coverage to risks and circumstances not covered by the insurance contract." *Id.* (citing *National Bankers Life Ins. Co. v. Cabler,* 90 So. 2d 201, 204 (Miss. 1956)). Since "professional services" is not an ambiguous term, it must be enforced as written. In this regard, the court finds that Henson's sworn statement is not a professional service and therefore, any claim arising from the statement is not insured under the E&O policy.

The court now turns to the issue of whether Mid-Delta requested prior acts coverage and if so, whether Lloyd's must cover the underlying claim. The court acknowledges that Republic has limited its claim against Henson and Mid-Delta to the January 2010 statement under oath. Although Republic has clarified its claim, it still raises an issue concerning prior acts coverage. If Republic's claim was truly limited to the statement under oath, whether or not the insured requested prior acts coverage is irrelevant. Prior acts coverage is an issue only if the third party claim relates to wrongful acts which occurred prior to October 8, 2009. However, for the sake of completeness, the court will address this argument.

To show that Mid-Delta requested prior acts coverage, Republic points to two insurance

applications dated October 12 and 16, 2009, respectively. The request for prior acts coverage only appears in the October 16, 2009 application. Republic argues that this discrepancy should prevent the court from granting summary judgment.

In response, Lloyd's asserts that regardless of whether Mid-Delta requested prior acts coverage, it was only offered coverage with a retroactive date of October 8, 2009. Lloyd's argues that because Mid-Delta failed to obtain E&O coverage before the USLI policy expired, it was precluded from obtaining prior acts coverage. Lloyd's additionally contends that had Mid-Delta requested tail coverage[4] from USLI, there would not have been a gap in coverage.

While it appears the insured may have requested prior acts coverage, the Lloyd's policy only insures claims made and reported from October 8, 2009 to October 8, 2010. As Henson is an insurance agent and Mid-Delta is an insurance company, both should have known that the E&O policy did not provide coverage for prior acts. Under Mississippi law, a policyholder is imputed with knowing the contents of its insurance policy. *Cherry v. Anthony, Gibbs, Sage*, 501 So. 2d 416, 419 (Miss. 1987); *see also Atlas Roofing Mfg. Co., v. Robinson and Julienne, Inc.*, 279 So. 2d 625, 629 (Miss. 1973). Further, Lloyd's has submitted testimony from another insurance professional stating that prior acts coverage is normally unavailable to an insured who has allowed its prior policy to lapse before entering a new policy. Republic, Henson, and Mid-Delta have not disputed that this is common insurance practice. Therefore, because the E&O policy does not insure prior acts, any claim arising from acts occurring before October 8, 2009 is excluded from coverage.

---

[4]"Tail coverage" refers to extended coverage beyond the expiration date. Had Mid-Delta purchased tail coverage from USLI, it could have extended the coverage period for up to three years beyond the October 8, 2009 expiration date. *See* Doc. 118 at 5.

Based on the foregoing analysis, the court concludes that Lloyd's does not owe a duty under policy number ME09523 to defend, indemnify, or otherwise insure any claim related to Henson's alleged errors in June 2009 or his January 2010 statement under oath. The defendant's motion for summary judgment is well taken and shall be granted. Pursuant to Fed. R. Civ. P. 58, a separate judgment shall be entered this day.

SO ORDERED, this the 23rd day of July, 2012.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**